IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ELIZABETH SABO, | : | CIVIL ACTION NO.: 3:cv–15-0131 |
| Plaintiff, | : | |
| | : | |
| v. | : | Magistrate Judge Saporito |
| | : | |
| REO PROPERTY MANAGEMENT, LLC, | : | |
| | : | |
| Defendant. | : | |

MEMORANDUM and ORDER

I.   Background:

The plaintiff, Elizabeth Sabo ("Sabo") filed a complaint (Doc. 1) on January 21, 2015 against the defendant REO Property Management, LLC ("REO") seeking damages under the Fair Labor Standards Act ("FLSA") 29 U.S.C §§201, et seq., and the Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. §§333.101, et seq.  REO filed a motion to dismiss (Doc. 4)[1] pursuant to F.R.Civ.P. No. 12(b)(6). Upon consent of the parties, the court (Mannion, J.) reassigned the case to the undersigned for all further proceedings (Doc. 14).  The motion has been briefed (Docs. 5 and 8), and is now ripe for disposition.  For the reasons set forth below, we will deny the motions set out in Doc. 4.

---

[1] Contained within REO's motion to dismiss is a motion to order Sabo to file an amended complaint which itemizes the amount of damages sought and a motion to enlarge the time to plead if REO's motion to dismiss is denied.

II.     Facts:

For purposes of resolution of REO's motion to dismiss, all of the facts are taken from Sabo's complaint (Doc. 1) unless otherwise noted.

From approximately 2006 until June, 2014, REO employed Sabo to work at the Hickory Inn Motel in Albrightsville, Pennsylvania (the "Motel"). At the same time, Sabo lived at the Motel in a room provided by REO. The parties agreed that the room was valued at One Hundred Fifty ($150.00) Dollars per week in rent (the "weekly rent"). REO paid Sabo on a piece-rate basis whereby Sabo received weekly pay credits based on (i) the number of motel rooms rented to customers during the week and (ii) the performance of certain tasks (e.g., cleaning a motel room) during the week. Thereafter, REO paid Sabo the monetary value of all credits minus the weekly rent.

During those weeks in which Sabo's credits did not exceed the weekly rent, Sabo was required to pay REO the difference between the weekly rent and Sabo's total credits for the week. Sabo alleges that she generally worked approximately 86 hours each week and REO failed to meet its overtime and minimum wage obligations during every week of her employment pursuant to the FLSA and PMWA.

In its motion to dismiss (Doc. 4), REO maintains that Sabo did not allege that

she was paid any wages by REO and, further that Sabo's income was derived by her as an independent contractor wherein she received a percentage of REO's revenues collected. (Doc. 4 ¶¶ 4 and 5). Consequently, REO maintains that neither the FLSA nor the PMWA apply and that Sabo's complaint should be dismissed.

III.   Discussion:

    A.   Standard of Review.

REO's motion to dismiss is brought pursuant to Fed. R. Civ.P. 12(b)(6). This rule provides for the dismissal of a complaint, in whole or in part, if the plaintiff fails to state a claim upon which relief can be granted. The moving party bears the burden of showing that no claim has been stated, Hedges v. United States, 404 F.3d 744, 750 (3d Cir. 2005), and dismissal is appropriate only if, accepting all of the facts alleged in the complaint as true, the plaintiff has failed to plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1974 (2007) (abrogating "no set of facts" language found in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). The facts alleged must be sufficient to "raise a right to relief above the speculative level." Twombly, 550 U.S. 544, 127 S. Ct. at 1965. This requirement "calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [necessary elements]" of the plaintiff's cause of action. Id. Furthermore, in order to satisfy federal pleading requirements, the

plaintiff must "provide the grounds of his entitlement to relief," which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008) (brackets and quotations marks omitted) (quoting Twombly, 550 U.S. 544, 127 S. Ct. at 1964-65).

In considering a motion to dismiss, the court generally relies on the complaint, attached exhibits, and matters of public record. Sands v. McCormick, 502 F.3d 263 (3d Cir. 2007). The court may also consider "undisputedly authentic document[s] that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the [attached] documents." Pension Benefit Guar. Corp. v. White Consol. Indus., 998 F.2d 1192, 1196 (3d Cir. 1993). Moreover, "documents whose contents are alleged in the complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered." Pryor v. Nat'l Collegiate Athletic Ass'n, 288 F.3d 548, 560 (3d Cir. 2002). However, the court may not rely on other parts of the record in determining a motion to dismiss. *See* Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1250, 1261 (3d Cir. 1994).

Generally, the court should grant leave to amend a complaint before dismissing it as merely deficient. *See, e.g.,* Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 252 (3d Cir. 2007); Grayson v. Mayview State Hosp., 293 F.3d

103, 108 (3d Cir. 2002); Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000). "Dismissal without leave to amend is justified only on the grounds of bad faith, undue delay, prejudice, or futility." Alston v. Parker, 363 F.3d 229, 236 (3d Cir. 2004).

      B.    FLSA and PMWA Claims.

REO moves to dismiss Sabo's claims on the basis that she failed to allege that REO paid her wages and that she is exempt from the relevant provisions of the FLSA and PMWA because she was an independent contractor (Doc. 4). In addition, REO requests that we order Sabo to file an amended complaint that accounts for Sabo's unpaid wages for every week at issue.

Employers that are subject to the FLSA must pay overtime compensation to employees who work more than forty hours per week unless an exemption applies. Packard v. Pittsburgh Transp.Co., 418 F.3d 246, 250 (3d Cir.2005). Exemptions to the FLSA are affirmative defenses which the employer has the burden of establishing. Mazzarella v. Fast Rig Support, LLC, 2014 WL 2861027 (M.D. PA June 23, 2014); Pignataro v. Port Auth., 593 F.3d 265, 268 (3d Cir.2010). "On a Rule 12(b)(6) motion, an affirmative defense...is appropriately considered only if it presents an insuperable barrier to recovery by the plaintiff." Flight Systems, Inc. v. Electronic Data Systems Corp., 112 F.3d 124, 127 (3d Cir.1997); Mazzarella, at *3

"The PMWA, like the FLSA, provides that employees shall receive overtime wages 'of not less than one and a half times' their regular wage for any hours worked after forty in a work week." Mazzarella, at *3. Pennsylvania courts have been guided by federal law regarding the FLSA in applying the PMWA. Id.

REO maintains that neither the FSLA nor the PMWA applies because Sabo was an independent contractor. (Doc. 4 ¶5). The FLSA does not protect an independent contractor; rather, it applies only to covered employees. See 29 U.S.C. §201; Donovan v. DialAmerica Mktg., Inc. 757 F2.d 1376, 1386 (3d Cir. 1985). The determination of whether an individual is employed by an employer is determined after an analysis of a six-factor test which the Third Circuit has developed as follows:

(1) The degree of the alleged employer's right to control the manner in which the work is to be performed;

(2) The alleged employee's opportunity for profit or loss depending on his managerial skills;

(3) The alleged employee's investment in equipment or materials required for his task, or for his employment of helper;

(4) Whether the service rendered requires a special skill;

(5) The degree of permanence of the working relationship; and

>    (6)   Whether the service rendered is an integral part of
>          the alleged employer's business.

<u>Martin v. Selker Bros. Inc.</u>, 949 F.2d 1286, 1293 (3d Cir. 1991). As we must accept as true the well-pleaded facts contained in the motion to dismiss, we must deny REO's motion. Those facts, as outlined above, are sufficient to establish Sabo's claims after analyzing them with the six factors set forth above. Thus, accepting all of the facts alleged in the complaint as true, we find that Sabo has plead enough facts to state claims for relief that are plausible on their face.

## B. <u>Motion to Order Amended Complaint.</u>

As indicated above, contained within REO's motion to dismiss is a motion to order Sabo to file an amended complaint requiring her to itemize the amount of damages sought. (Doc. 4 pp.4-5). Sabo correctly directs the court to the Third Circuit decision in <u>Davis v. Aria Health System</u>, 765 F.3d 236, (3d Cir. 2014). In <u>David</u>, the court held that it was sufficient for the plaintiff to allege a plausible FLSA overtime claim by alleging forty (40) hours of work in a given work week as well as some uncompensated time in excess of forty (40) hours. The plaintiff was not required to identify the exact dates and times worked in overtime. We find that Sabo's complaint complies with the requirements set out in <u>Davis</u> in that she has alleged three (3) specific instances of weeks where she worked over forty (40) hours

and was not paid the mandatory minimum wage and overtime compensation. See Doc.1 at ¶¶12-14. Accordingly, we will deny the motion to require Sabo to file an amended complaint.

    D.    Defendant's Request for Extension of Time to Answer Plaintiff's Complaint.

Having found that Sabo's complaint sufficiently pleads an FLSA and PMWA claims, we see no reason, in the exercise of our discretion, to afford REO additional time within which to file its answer to the complaint. Sabo's complaint complies with F.R.Civ.P 8(a)(2) and the Third Circuit's decision in Davis. Accordingly, REO's motion to extend the time to file an answer shall be denied.

An appropriate order will be entered.

                                             *s/ Joseph F. Saporito, Jr.*
                                             JOSEPH F. SAPORITO, JR.
                                             United States Magistrate Judge

Dated: April 30, 2015