IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| ELIZABETH SABO, | : | CIVIL ACTION NO.: 3:cv–15-0131 |
| Plaintiff, | : | |
| | : | |
| v. | : | Magistrate Judge Saporito |
| | : | |
| REO PROPERTY MANAGEMENT, LLC, | : | |
| Defendant. | : | |



MEMORANDUM

I. Background:

The plaintiff, Elizabeth Sabo ("Sabo") filed a complaint (Doc. 1) on January 21, 2015 against the defendant REO Property Management, LLC ("REO") seeking damages under the Fair Labor Standards Act ("FLSA") 29 U.S.C. §§201, et seq. and the Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. §§333.101, et seq. REO filed a motion to dismiss (Doc. 4) pursuant to Fed. R. Civ. P. No. 12(b)(6). By memorandum and order dated April 30, 2015 we denied REO's motion to dismiss. (Docs. 22-23).

REO filed its answer on May 13, 2015 and alleged that it never owned nor operated the Hickory Inn Motel located in Albrightsville, Pennsylvania (the "Motel"), the location where Sabo worked and rented a motel room. (Doc. 25 ¶8). On June 2, 2015, Sabo filed an amended

complaint (Doc. 25) which we struck without prejudice by order dated June 3, 2015 as it was filed beyond the deadline set forth in the Scheduling Order (Doc. 27). On June 23, 2015, Sabo filed her motion for leave to amend the complaint (Doc. 33) which is before us for disposition.

In her motion, Sabo has attached her proposed amended complaint which adds as defendants, Land Tycoon, Inc., David Keller, and Glen Keller. The proposed amended complaint alleges that Land Tycoon, Inc. also owns and operates the Motel and that proposed defendants, David Keller and Glen Keller are co-owners of the Motel.[1] (Doc. 33-1 ¶¶6-10). Further, the proposed amended complaint alleges that David Keller and Glen Keller were personally aware of and responsible for the failure to pay Sabo the mandatory minimum wage and any compensation (including overtime premium compensation) for hours worked over forty per week. Also, the proposed amended complaint alleges that both David Keller and Glen Keller hired Sabo to work at the Motel, had the authority to fire her,

---

[1] Other than the allegation that David Keller and Glen Keller are co-owners of the Motel, neither the proposed amended complaint nor the motion papers define any other relationship between them, i.e. brothers, parent-child, etc...

determine her wages, determine her work schedule, determine the amount of her rent at the motel, assign her work, regularly supervise her work at the motel, and were responsible for the operations of the Motel. (Doc. 33-1 ¶¶16-23).

REO does not oppose Sabo's motion to amend her complaint to add the new defendants. However, it contends that the complaint should not relate back to the date of the filing of the original complaint. For the reasons set forth below, we will grant the motion to amend complaint and allow it to relate back to the date of the filing of the original complaint.

II. Legal Standards:

Federal Rule of Civil Procedure 15(a) sets out the standard for granting leave to amend a complaint when, as is the case here, a responsive pleading has been served: "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). The Rule clearly states that "[t]he court should freely give leave when justice so requires." Id. Nonetheless, the policy favoring liberal amendments is not "unbounded." Dole v. Arco Chem. Co., 921 F.2d 484, 487 (3d Cir.1990). The decision whether to grant or to deny a motion

for leave to amend rests within the sound discretion of the district court. Foman v. Davis, 371 U.S. 178, 182 (1962); Waterfront Renaissance Assoc. v. Phila., 701 F.Supp.2d 633, 639 (E.D. Pa. 2010). A district court may deny leave to amend a complaint where "it is apparent from the record that (1) the moving party has demonstrated undue delay, bad faith, or dilatory motives, (2) the amendment would be futile, or (3) the amendment would prejudice the other party." Lake v. Arnold, 232 F.3d 360, 373 (3d Cir. 2000) (citing Foman, 371 U.S. at 182, 83 S.Ct. 227).

The mere passage of time does not require that a motion to amend a complaint be denied on grounds of delay. Adams v. Gould, Inc., 739 F.2d 858, 868 (3d Cir. 1984). In fact, delay alone is an insufficient ground to deny leave to amend. Cornell & Co., Inc. v. Occupational Safety & Health Review Comm'n., 573 F.2d 820, 823 (3d Cir.1978). However, "at some point, the delay will become 'undue,' placing an unwarranted burden on the court, or will become 'prejudicial,' placing an unfair burden on the opposing party." Adams, 739 F.2d at 868. Delay may become undue when a movant has had previous opportunities to amend a complaint. See Lorenz v. CSX Corp., 1 F.3d 1406, 1414 (3d Cir.1993) (three year lapse

between filing of complaint and proposed amendment was "unreasonable" delay where plaintiff had "numerous opportunities" to amend); see also Rolo v. City Investing Co. Liquidating Trust, 155 F.3d 644, 654–55 (3d Cir.1998) (rejecting proposed second amended complaint where plaintiffs were repleading facts that could have been pled earlier). Here, we find no undue delay on the part of Sabo.

III. Discussion:

As REO does not oppose the filing of the amended complaint adding the three defendants, we will grant the motion. Nevertheless, REO contends that we should prevent the amendment from relating back to the date the original complaint was filed because the statute of limitations would potentially time-bar five months of Sabo's claims. (Doc. 40, at 3). The pertinent provisions which refer to the relation-back of amendments is set out in Fed. R. Civ. P. 15(c) as follows:

> (c) **Relation Back of Amendments.**
>
>> (1) **When Amendment Relates Back.** An amendment to a pleading relates back to the date of the original pleading when:
>>
>>> (A) the law that provides the applicable statute of limitations allows relation back;

- (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading; or

- (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:

    - (i) received such notice of the action that it will not be prejudiced in defending on the merits; and

    - (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. P. 15(c).

The issue in the case is whether Sabo can use Rule 15(c) to have her proposed amended complaint, adding Land Tycoon, Inc., David Keller, and Glen Keller as defendants, relate back to January 21, 2015, the date which her original complaint was filed. Courts interpret Rule 15(c) as imposing certain conditions, all of which must be met for a successful relation back of an amended complaint that seeks to add a newly named

6

defendant. Singletary v. Pennsylvania Department of Corrections, 266 F.3d 186 (3d Cir. 2001). For a court to grant an amendment adding a defendant that relates back to the original complaint, the party seeking to amend must meet all of the following requirements: (1) The claim or defense asserted by amendment must arise out of the conduct, transaction, or occurrence set out in the original pleading; (2) the new party named in the amended pleading must have received such notice of the action that it will not be prejudiced; (3) the new party either knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity; and (4) the notice and knowledge factors must be satisfied within the 120-day period provided for service of the original complaint. Garvin v. City of Philadelphia, 354 F.3d 215, 220 (3d Cir. 2003).

The claims set forth in the motion to amend arose out of the conduct set forth in the complaint which satisfies the first prong of the criteria. REO does not contest that this requirement has been met. (Doc. 40, at 4).

The resolution of the motion to amend requires an analysis of the notice/prejudice components of Rule 15 (c)(1)(C) analysis. Sabo alleges in

her motion and supporting brief that proposed defendant David Keller is listed as President of Land Tycoon, Inc. on the deed to the property and the Pennsylvania Department of State's public website. (Doc. 34, at 2). Further, Sabo contends that both David Keller and Glen Keller hired her, were responsible to set her wages, work schedule, and rent, and schedule her assignments. (Doc. 40, at 3). Further, Sabo maintains that the Kellers regularly supervised her and were responsible for the operations of the Motel. (Id.)

The final element of Rule 15(c)(1)(C) requires a plaintiff to show that within 120 days of filing the original complaint, the newly added defendants knew or should have known that the present action would have been brought against them but for a mistake regarding their identity.[2] Here, REO argues that Sabo's amendment should not relate back to the date the complaint was filed because there is no basis to conclude that the proposed defendants knew or should have known that Sabo's action should have been brought against them. With regard to this

---

[2] REO acknowledges that the proposed defendants at least knew of the existence of the pending action within 120 days of the date it was filed. (Doc. 40 at 5, n.1).

element, the Supreme Court has recently held that the starting inquiry focuses on whether the newly-added party knew or should have known that, absent some mistake, the lawsuit would have been brought against him or her. Krupski v. Costa Crociere S.p.A., 560 U.S. 538, 541 (2010) ("We hold that relation back under Rule 15(c)(1)(C) depends on what the party to be added knew or should have known, not on the amending party's knowledge or its timeliness in seeking to amend the pleading."); see also Siciliano v. City of Phila., No. 09–5270, 2010 WL 3069611, at *2, (E.D.Pa. Aug. 2, 2010) (internal citation omitted) ("In evaluating the notice requirements, the focus is on what the defendant to be added knew or should have known, not what the plaintiffs knew or when they took action to move to amend. The knowledge of the amending party is not a factor in a Rule 15(c)(1)(C) analysis."). Specifically, the Supreme Court stated that under Rule 15(c)(1)(C)(ii), it is not whether the plaintiff knew or should have known the identity of the newly-added party as the proper defendant, but whether the prospective defendant knew or should have known that it would have been named as a defendant but for an error in identity. Krupski, 560 U.S. at 548.

However, "[i]nformation in the plaintiff's possession is relevant ... if it bears on the defendant's understanding of whether the plaintiff made a mistake regarding the proper party's identity" as opposed to a fully informed decision to sue one party instead of another "while fully understanding the factual and legal differences between the two parties." Id. at 548. The latter would be "the antithesis of making a mistake concerning the proper party's identity." Id. Moreover, a plaintiff's knowledge of a party's existence does not necessarily "preclude her from making a mistake with respect to that party's identity." Id.

> A plaintiff might know that the prospective defendant exists but nonetheless harbor a misunderstanding about his status or role in the events giving rise to the claim at issue, and she may mistakenly choose to sue a different defendant based on that misimpression. That kind of deliberate but mistaken choice does not foreclose a finding that Rule 15(c)(1)(C)(ii) has been satisfied.

Id. at 549. However, "[w]hen the original complaint and the plaintiff's conduct compel the conclusion that the failure to name the prospective defendant in the original complaint was the result of a fully informed decision as opposed to a mistake concerning the proper defendant's identity, the requirements of Rule 15(c)(1)(C)(ii) are not met." Id. at 2496.

Here, the original summons and complaint were served by handing copies to David Keller, a managing agent of REO, on February 13, 2015. (Doc. 7). We believe that the proposed defendants had sufficient notice of the suit so that they will not be prejudiced in defending the action. It is undisputed that David Keller was served with the original complaint on February 13, 2015. Although there is no evidence that any of the proposed defendants had actual knowledge of the pendency of the action against REO until David Keller was personally served with the complaint (although it is likely that he did know), we do not believe that actual notice is required under Rule 15(c). Kirk v. Cromvich, 629 F.2d 404, 407 (5th Cir. 1980) (service of the original complaint perfected upon an agent of a party sought to be brought in by amendment is adequate notice of the action to that party for purposes of determining whether an amended pleading relates back to the date of the original pleading); Mitchell v. Hendricks, 68 F.R.D. 564 (E.D. Pa. 1975) (informal, as well as formal, notice is sufficient); Taliferro v. Costello, 467 F.Supp. 33, 35 (E.D. Pa. 1979) (constructive notice is sufficient). As the proposed amended complaint alleges that Land Tycoon, Inc. was an owner of the Motel along

with David Keller and Glen Keller, we conclude that David Keller was an agent of both Land Tycoon, Inc., Glen Keller, and the original defendant REO for purposes of notice under Rule 15(c).

In <u>Garvin</u>, the Third Circuit states, "of course, an amended complaint will not relate back if the plaintiff had been aware of the identity of the newly named parties when she filed her original complaint and simply chose not to sue them at that time." <u>Garvin</u>, 354 F.3d at 221-22. Sabo claims that she became aware that she may have sued the wrong corporate entity upon the filing of the answer on May 13, 2015 (Doc. 34, at 2). Under <u>Krupski</u>, the Supreme Court instructs that the plaintiff's knowledge is not the proper starting point. <u>Id</u>. at 548. We find that based upon the state of the record, Sabo may not have known the true status of the proposed added defendants at the time she filed her original complaint. Further, David Keller was served the summons and complaint as agent for REO on February 13, 2015 which was well within the 120 days set forth in Fed. R. Civ. P. 4(m). Thus, Sabo's motion meets the criteria articulated in Rule 15(c). The addition of Land Tycoon, Inc.,

David Keller, and Glen Keller shall relate back to the date of filing the original complaint.

An appropriate order will follow.

*Joseph F. Saporito, Jr.*
JOSEPH F. SAPORITO, JR.
United States Magistrate Judge

Dated: September 8, 2015